CHARLES J. EWERTS, ET AL.

*v.*

STATE OF ILLINOIS.

*Opinion filed April 18, 1923.*

ABOLITION OF OFFICE—*the power to abolish.* In the absence of constitutional restraint the power that creates an office has the right to abolish it at pleasure.

SAME—*right of incumbent to salary of office abolished.* When an office is abolished the incumbent has no right to compensation for the unexpired term. The right to the salary for the remainder of the term is to be determined by the power abolishing the office.

COURT OF CLAIMS—*duty of Court.* The Legislature in creating the Court of Claims had in mind that it would be the duty of the Court to hear evidence and propositions of law upon all claims filed against the State, and pass judgment not alone upon the legal rights of claimant from the view point of equity and social justice in order that the court be placed in position to advise and recommend to the Legislature the merits or demerits of a claim.

DISMISSAL OF CLAIM—*when claim will be dismissed.* Where the Court is of the opinion that the claim is one more properly for the Legislature to determine it will dismiss the claim.

Edward J. Brundage, Attorney General, for State.

This is a claim filed by Charles J. Ewerts, to the September, A. D. 1922, term of this Court.

The claimant alleges that he is entitled to recover for services as a member of the State Board of Equalization from the first day of July, A. D. 1919, at which time the said board was abolished by the Legislature of this State until the 31st day of December, A. D. 1920.

It was further alleged by claimant that he was elected to this position from his district on the 7th day of November, A. D. 1916, for a period of four years.

It is further. alleged that the General Assembly of the State of Illinois passed an Act entitled "An Act in Relation to the Assessment of Property for Taxation," which said Act went into effect the first day of July, 1919.

By the force of this Act, a tax commission was created to perform the duties previously exercised and performed by the State Board of Equalization, thereby, by reason of such enactment the State Board of Equalization passed out of being.

The claimant further alleges that he was elected to this position and assumed his duties as a member of the State Board of Equalization as then provided by law for a period of four years.

The remuneration for this position was fixed by Statute at $1,000.00 per annum; therefore the claimant further declares that by reason of

his position being abolished on July 1st, 1919, that he was deprived of the salary from July 1st, 1919, to December 31st, 1920, a period of one year and six months for which time the claimant alleges salary would accrue to him, in the sum of $1,500.00.

The defendant by the Attorney General comes and files his brief and argument denying liability on the part of the defendant, the State of Illinois.

The matter of the claim of the said claimant together with the other members of the State Board of Equalization coming on to be heard and the Court after hearing evidence and the arguments of counsel finds that the State Board of Equalization was created by the Legislature of the State of Illinois and by virtue of such enactment, the claimant, as such member of the Board of Equalization entered upon the performance of his duties subject to the powers of the Legislature to change or abolish the law governing same and with the expectancy of receiving the emoluments attached.

It is the opinion of this Court that the Legislature in creating this Court had in mind as the purpose of this Court to hear evidence and propositions of law upon claims filed against the State and pass judgment not alone upon the legal rights of the claimant, but upon the rights of the claimant from the view point of equity and social justice and it is further the opinion of the Court that the intention of the Legislature in the creation of the Court of Claims was to relieve the Legislature insofar as it might be necessary in the matter of hearing evidence and arguments of law and equity so that this Court might be in a position to advise and recommend to the Legislature as to the merits or demerits of a claim, thereby enabling the Legislature to pass equitably and justly upon all demands made upon the State.

It is, however, the opinion of this Court that in the case at bar the Legislature is in a better position to know the legal rights and the equities of these claimants than is this Court because the Legislature created the Board of Equalization and abolished said body and created the new tax commission and in creating the new law and in abolishing the old, the Legislature was fully aware of the advantages to the people and taxpayers of Illinois in the creation of this new law and the disadvantages if any in abolishing the old law, and it naturally follows that the Legislature weighed the rights, advantages and the possibilities that would come to the people of the State of Illinois in abolishing the State Board of Equalization and creating the new body; therefore, it is the opinion of this Court that the Legislature is fully advised in the premises and is in a position to know that action which would best serve the interest of all concerned.

It has in mind and has knowledge of all the facts and circumstances surrounding the law that gave life to and caused the State Board of Equalization to function and likewise had full knowledge of the circumstances that lead to having the Equalization Board abolished.

The Legislature had in mind no doubt, as is stated before, the advantages that would accrue in the State in abolishing this body and

—21 C C

reinstating the new commission and also had in mind the rights and equities of the members of the Board of Equalization who were deprived of their offices and compensation connected therewith when the State Board of Equalization was put out of being.

Therefore, it is considered by this Court that no recommendation be made as to this claim or to any other claim of like character, leaving the adjustment of these claims to the authority that created them and abolished them and the body who is as well advised or better than this Court to pass judgment on the equitable demands of these claimants. That body is the Legislature of the State of Illinois and to which body this Court makes no recommendation; accordingly, this claim is dismissed from further consideration of this Court.